IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDA BARRERA,

    Plaintiff,

v.    Case No. 13-1146-JTM

CASEY'S GENERAL STORES, INC., et al.,

    Defendant.

ORDER

In this case, Linda Barrera alleges Title VII employment discrimination against her employer, Casey's General Store,[1] and her supervisor, Sarah Barela. The court has before it defendant Barela's Motion to Dismiss (Dkt. 8), defendant Casey's Motion to Dismiss (Dkt. 10), and plaintiff Barrera's Motion to Stay (Dkt. 12). After reviewing the parties' arguments, the court is prepared to rule.

**I. Background**

On March 18, 2013, Barrera received her right to sue letter from the EEOC, which stated that the EEOC was unable to conclude that the information obtained established violations of the statutes. On April 17, 2013, Barrera filed a pro se complaint in the U.S. District Court for the District of Kansas, alleging discrimination on the basis of race and sex. The complaint could be read to allege a retaliation claim as well. Barrera asserted the following facts in support of her claim:

---

[1]The defendant maintains that Casey's General Stores, Inc. is a holding company with no employees; rather, Casey's Retail Company is the proper defendant before the court in this matter.

> Plaintiff suffered disparate treatment by defendant Sarah Barela (store manager). Defendant Sarah Barela gave a less senior employee weekends off. Plaintiff is more senior and gets Sunday-Mondays off instead. Plaintiff has discussed the matter several times with defendant Sarah Barela. Defendant has addressed the issue with defendant Casey's General Store (corporate). Plaintiff has not received any results from talking with corporate. Plaintiff has suffered untolerable (sic) working conditions as a result from filing an EEOC complaint.

Dkt. 1.

On May 22, 2013, defendants filed their motions to dismiss. Barela's motion seeks dismissal pursuant to FED. R. CIV. P. 12(b)(6), arguing that she may be sued under Title VII as an agent of Casey's but not in her personal capacity. Casey's motion seeks dismissal for failure to state a claim pursuant to Rule 12(b)(6), and, alternatively for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Barrera did not respond to either motion, opting instead to file a motion seeking a sixty-day extension to find counsel to represent her in this case.

**II. Barrera's Motion to Stay**

Barrera's motion to stay the case states that she is still trying to locate an attorney to represent her and that the Kansas Lawyer Referral Service is still assisting her to that end. The court notes that Barrera has been working with the referral service since before she filed the case in April of this year. *See* Dkt. 4. In her prior motion to appoint counsel, Barrera listed six attorneys she had contacted, all of whom declined to take her on as a client. *Id.* After receiving her right to sue letter from the EEOC, Barrera had ninety days to file suit, which gave her the same amount of time to find an attorney. Instead, she filed suit without an attorney after thirty days, seeking appointed counsel from the

2

court. The court denied this motion. Since then, Barrera has not found counsel to aid her and has not responded to the motions filed by defendants.

The motion to stay proceedings does not provide the court with any reason to believe Barrera will make any progress in her attempts to find an attorney, especially given the time and her numerous failed attempts to find one to date. Therefore, the motion to stay is denied.

### III. Legal Standard: Rule 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

The court must construe pro se pleadings liberally, but "it need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations.' " *Loggins v. Cline*, 568 F. Supp. 2d 1265, 1268 (D. Kan. 2008). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant," and the court should not "construct arguments or theories for the plaintiff" or "supply additional factual allegations to round out a plaintiff's complaint." *Shelby v. Mercy Regional Hospital*, 2009 WL 1067309, at *2 (D. Kan. April 21, 2009). Moreover, pro se litigants are subject to and must follow procedural rules governing all litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 2002). Even a pro se plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Bafford v. Pokorski*, 2008 WL 2783132, at *3 (D. Kan. July 17, 2008).

**IV. Legal Analysis**

*1. Barela's Motion to Dismiss*

Title VII prohibits discrimination by employers on a variety of grounds. *See* 42 U.S.C. § 2000e–2(a) (1964). However, "personal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). Although a supervisor may be named in an official capacity, doing so is only "a means to sue the employer and 'is superfluous where, as here, the employer is already subject to suit directly in its own name.' " *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1272 (D. Kan. 2011) (quoting *Lewis v. Four B Corp.*, 211 Fed. App'x 663, 665, n.2 (10th Cir. 2005)). When a plaintiff names as defendants both the employer and an employee in his or her official capacity, the claims against the employee merge with

4

the claims against the employer. *White v. Midwest Office Tech., Inc.*, 979 F. Supp. 1354, 1356 (D. Kan. 1997).

Here, Barrera named Barela as an additional defendant rather than as an agent of Casey's. To the extent Barrera alleges Title VII causes of action against Barela as an additional defendant, the claim merges with Barrera's claim against Casey's. *See id.* Therefore, the claims against Barela in her personal capacity are dismissed.

*2. Casey's Motion to Dismiss*

In its motion, Casey's argues that Barrera failed to plead sufficient facts to state a claim upon which relief may be granted. The court agrees. Barrera alleged Casey's discriminated against her based on her race and sex as a Hispanic female. But Barrera's complaint does not explain how her claims apply to the facts she alleges, and this failure is fatal to all of her claims. The material elements of a discrimination claim are: 1) membership in a protected class; 2) an adverse employment action; 3) being qualified for the job; and 4) being treated less favorably than others outside the protected class. *Durant v. MillerCoors,* LLC, 415 Fed. App'x 927, 931 (10th Cir. 2011).

Adverse employment actions constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1150 (10th Cir. 2005). The question of harm arises most frequently when an employer subjects an employee to noneconomic injury.[2]

---

[2]See Rosalie Berger Levinson, Parsing the Meaning of "Adverse Employment Action" in Title VII Disparate Treatment, Sexual Harassment, and Retaliation Claims: What Should Be Actionable Wrongdoing?, 2004 OKLA. LAW REV. 623, 625 (2003).

5

Barrera's complaint alleges that Barela gave a less senior employee weekends off, while Barrera was given Sundays and Mondays off. Essentially, Barrera claims that although she and her co-worker get two days off per week, she would rather have Saturday off than Monday, and Casey's refusal to give her preference priority over a less senior employee is an adverse employment action. Barrera does not claim that she requested a religious accommodation to not work on Saturdays because of her faith. *See Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977). She does not claim that Casey's had a formal seniority system in place that would give her a right to choose her days off that would be superior to a less senior employee's preferences. *See id.* at 81 (stating "seniority systems are afforded special treatment under Title VII itself."). Simply put, an employee who does not receive her preferred work schedule, without more, has not suffered an "adverse employment action" under Title VII. *See Watts v. Kroger Co.*, 170 F.3d 505, 510 (5th Cir. 1999) (holding that a change in the employee's work schedule does not fall into the established categories of changes in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits).

Additionally, Barrera does not indicate the race or sex of the less senior employee. Regarding her possible retaliation claim, Barrera does not indicate any specific adverse employment actions she has suffered since filing her EEOC complaint. In short, Barrera's complaint provides only legal conclusions regarding discrimination that this court need not accept as true. *See Loggins*, 568 F. Supp. 2d at 1268. Accordingly,

the court finds that Barrera has failed to plead sufficient factual detail to state a claim under Rule 12(b)(6).

IT IS THEREFORE ORDERED this 12th day of July, 2013, that Barela's Motion to Dismiss (Dkt. 8) and Casey's Motion to Dismiss (Dkt. 10) are granted and Barrera's Motion to Stay (Dkt. 12) is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE
